# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| OPTIMI CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | File No. 1: 05-CV 2716 |
| | ) | |
| LOGICBLOX, INC., MOLHAM | ) | |
| AREF, and DAVID BAGLEY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| LOGICBLOX, INC. and MOLHAM | ) | |
| AREF, | ) | |
| | ) | |
| Counterclaim Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OPTIMI CORPORATION, | ) | |
| KHALID HAMIED, JUAN MELERO, | ) | |
| MARK KEENAN, CHRISTOPHER | ) | |
| RUSSO, and NEDA BARQAWI, | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.

**Description of Case:**

**(a)      Describe briefly the nature of this action:**

This is a copyright case in which both Optimi and LogicBlox assert claims under the United States Copyright Act.  Optimi also asserts claims involving breach of fiduciary duties, usurpation of corporate opportunity, fraud and self-dealing, and misuse of corporate funds.  Defendants Molham Aref and David Bagley deny Optimi's claims against them.  Defendant Aref asserts counterclaims against Optimi and others arising from what he alleges were retaliatory actions against him by Optimi led by Hamied, including defaults on promissory notes, Aref's purported removal from the Optimi Board of Directors, and breach of an agreement to make severance payments.  Aref also asserts counterclaims against Hamied for rescission of certain pledge agreements on the grounds of unlawful consideration and for conversion of funds.

**(b)      Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff's Statement:

This is an action for compensation from Defendants Molham Aref and David Bagley for breach of their fiduciary duties to Plaintiff Optimi as officers and directors of Optimi.  Plaintiff also seeks compensatory, declaratory and injunctive relief from Defendant LogicBlox, as well as Aref and Bagley, relating to the

copyright in the software at issue in this case (the "Platform") and relating to Defendants' threatened interference with Optimi's customer relationships.

Aref and Hamied formed Optimi in 2002 and each owned an equal one-third share of Optimi's stock, along with another investor who was bought out in 2003. Aref was the Chairman of Optimi's Board of Directors and its Chief Executive Officer.  Hamied served as Optimi's Chief Technical Officer.  In 2003, Aref brought in Defendant David Bagley as Optimi's Chief Operating Officer and Treasurer.   While serving as officers and directors of Optimi, Aref and Bagley each owned a significant interest in Defendant LogicBlox, a competing entity.

The Platform was developed by employees of both Optimi and LogicBlox. Until very recently LogicBlox was fully funded by Optimi, including the salaries of its employees, who participated in Optimi's health insurance and benefits plan and reported to Optimi management.   LogicBlox also operated out of Optimi's offices.

As officers and directors of Optimi, Aref and Bagley caused Optimi to pay over $2,000,000 to fund LogicBlox and the development of the Platform for Optimi.   Aref, Bagley and LogicBlox take the position the rights to the Platform belong exclusively to LogicBlox and have attempted to prohibit Optimi from use of the Platform.

<u>Statement of Defendant Aref</u>

Aref asserts counterclaims arising from a series of retaliatory actions against him led by Hamied to punish Aref for his declared opposition to Hamied's and Barqawi's continuing involvement in certain improper and unlawful conduct involving Optimi.  These retaliatory actions include inventing claims of breach of fiduciary duty against Aref, causing the purported removal of Aref from Optimi's Board of Directors, claiming ownership by Optimi of the LogicBlox Platform Software, causing Optimi to default on its payment obligations under promissory notes held by Aref, breaching an agreement to make severance payments to Aref, and other wrongful actions

In his counterclaims, Aref seeks to have voided certain sham agreements entered into between himself and Hamied because the sham agreements, which relate to Optimi's business, had an illegal and unlawful purpose.  As part of this claim, Aref further seeks the return of his stock certificate for all of his Optimi shares, which is wrongfully being withheld by Hamied as part of his illegal conduct.  Aref seeks a judgment of $125,000 against Hamied for conversion of funds that Hamied obtained for an illegal and unlawful purpose relating to Optimi's business.  Aref seeks damages against Optimi for approximately $1.7 million in defaulted promissory note payments owed to him by Optimi.  Aref seeks damages and injunctive relief from Counterclaim Defendants to remedy his wrongful and retaliatory removal from the Optimi Board of Directors in violation

of the Optimi Stockholders' Agreement and the resulting diminution of his share value in Optimi.  Aref seeks a judgment of $250,000 for Optimi's breach of its agreement to make severance payments.

Aref denies Optimi's claims against him for a variety of reasons, chief among them that Aref's and Bagley's interests in LogicBlox were fully disclosed and consented to by Optimi before Optimi elected to engage LogicBlox for the use and further development of the LogicBlox Platform Software.  Further, Aref and Bagley ceded decision-making authority for matters relating to LogicBlox to other Optimi officers and managers.  LogicBlox and Optimi were never competitors; LogicBlox specializes in platform software having uses in many industries, while Optimi specializes in software applications for wireless telecommunications providers.

Defendant LogicBlox's Statement:

LogicBlox seeks damages and declaratory and injunctive relief against Optimi and the individual defendants for copyright infringement in connection with the Platform.  LogicBlox developed the Platform as an independent contractor to Optimi, using salaried LogicBlox employees paid by LogicBlox and controlling the means and manner of the Platform's development.  Optimi and its customers used the LogicBlox Platform under an implied provisional license from LogicBlox and have been infringing on LogicBlox's copyrights in the Platform ever since

LogicBlox terminated this license effective October 1, 2005, as a result of repeated acts of bad faith by Hamied and Optimi in negotiating for a written terms regarding the use of the LogicBlox Platform Software culminating in demands by Hamied and Optimi for a substantial equity interest in LogicBlox and for Aref to contribute 1.2 million shares of his Optimi stock to Optimi without compensation.

Defendant Bagley's Statement:

This suit arises from disagreements between Optimi and Mr. Aref, primarily those regarding Mr. Aref's ownership of Optimi stock and his right to a seat on Optimi Board of Directors. Plaintiff has named Mr. Bagley in this action to apply pressure to Mr. Aref to accede to Optimi's demands of him. These demands, and Optimi's insistence on combining them with a LogicBlox license agreement, have been the principal obstacles to Optimi's entering into a written agreement with LogicBlox granting Optimi generous rights for Optimi's use of the LogicBlox Software Platform.

Mr. Bagley departed from Optimi July 23rd 2005 by mutual agreement and with a written separation agreement signed August 23, 2005.  The allegations made in the Complaint were not raised in the separation agreement, nor at the prior board meeting that confirmed Mr. Bagley's departure, nor at any time during Mr. Bagley's tenure at Optimi. In fact, Mr. Bagley's ownership position in LogicBlox was a condition of his joining Optimi and clearly understood by Optimi directors

and senior management from the time of his arrival to that of his departure. Mr. Bagley and Optimi specifically avoided his involvement in decisions regarding the use of LogicBlox as a vendor to Optimi. He was however, repeatedly involved in efforts to formalize the relationship in a legal contract, each of which efforts was ultimately frustrated by Optimi.

In the two months between the agreement of the separation agreement and filling of this suit Optimi did not contact Mr. Bagley or his counsel in connection with the allegations in the Complaint.

**(c)    The issues to be tried are as follows:**

Plaintiff states the issues to be tried are as follows:

1.      Whether Optimi owns rights to the Platform under the United States Copyright Act.

2.      Whether Defendants Aref and Bagley breached their fiduciary duty to Plaintiff.

3.      Whether Defendants Aref and Bagley usurped a corporate opportunity that rightfully belonged to Optimi.

4.      Whether Defendants Aref, Bagley, and LogicBlox defrauded Optimi.

5.      Whether Defendants Aref and Bagley misused corporate funds.

6.      Whether payments to Aref under certain Promissory Notes are due and the extent to which any such payments should be offset against the damages due to Optimi as a result of Aref's misconduct as alleged.

7.      Whether Defendants conspired among themselves to breach their fiduciary duties to Optimi, to usurp Optimi's opportunity to develop the Platform, and to use Optimi funds to support their own competing venture by engaging in the conduct alleged.

8.      Whether Defendants should be enjoined from interfering with Optimi's business relationships with its customers.

Defendant Aref states that the issues to be tried are as follows:

1.  Whether the sham agreements that Hamied refuses to rescind were made for an illegal and unlawful purpose relating to the business of Optimi and should therefore be voided by the Court; whether Hamied is wrongfully withholding Aref's stock certificate for all of his shares in Optimi pursuant to the sham agreements.

2.  Whether Hamied unlawfully converted $125,000 in Aref's funds for an unlawful and illegal purpose relating to Optimi's business.

3.  Whether Optimi defaulted on its obligations to Aref under certain Promissory Notes and, if so, the amounts owed to Aref.

4.  Whether the purported removal of Aref and Bagley from Optimi's Board of Directors was in violation of the Optimi Stockholders' Agreement.

5.  Whether Optimi breached an oral agreement to make a $250,000 severance payment to Aref.

Defendant LogicBlox states the issues to be tried are as follows:

1.  Whether LogicBlox owns the copyright to the LogicBlox Platform software under the United States Copyright Act.

2.  Whether Optimi has infringed LogicBlox's copyrights in the LogicBlox Platform software.

Defendant Bagley states the issues to be tried are as follows:

1.      Whether Bagley breached any duties, fiduciary or otherwise, owed to Optimi, or

2.      Whether Bagley's conduct as an officer and director of was undertaken and executed by Bagley in good faith and with Optimi's full knowledge and consent of his role in  LogicBlox.

**(d)    The cases listed below (include both style and action number) are:**

**(1)    Pending related cases:**  None.

**(2)    Previously adjudicated related cases:** None.

2.

**This case is complex because it possesses one or more of the features listed below (please check):**

(1)     ____    Unusually large number of parties

(2)     ____    Unusually large number of claims or defenses

(3)     _X__   Factual issues are exceptionally complex

(4)     ____    Greater than normal volume of evidence

(5)     _X__   Extended discovery period is needed

(6)     ____    Problems locating or preserving evidence

(7)     ____    Pending parallel investigations or actions by any government

          agency or department.

(8)     ____    Multiple use of experts

(9)     ____    Need for discovery outside United States boundaries

(10)    ____    Existence of highly technical issues and proof

3.

**Counsel:   The following individually-named attorneys are hereby designated as lead counsel for the parties:**

<u>Lead Counsel for the Plaintiff Optimi and Counterclaim Defendants Hamied, Russo and Barqawi</u>:


     Richard L. Robbins
     Sutherland, Asbill & Brennan LLP
     999 Peachtree Street, N.E.
     Suite 2300
     Atlanta Georgia 30309-3996
     Phone     (404) 853-8497
     Fax     (404) 853-8806


<u>Lead Counsel for Defendants LogicBlox and Aref</u>:

     Robert K. Gordon
     Troutman Sanders LLP
     5200 Bank of America Plaza
     600 Peachtree Street
     Atlanta, Georgia 30308-2216
     Phone: (404) 885-3000

<u>Lead counsel for Defendant Bagley</u>:

     Jeffrey R. Nickerson
     3387 Glenrose Point
     Atlanta, Georgia 30341
     Phone: (404) 523-5614

4.

**Jurisdiction:  Is there any question regarding this Court's jurisdiction?**

(___) Yes     ( _X_ ) No

5.

**Parties to this action:**

**(a)**    **The following persons are necessary parties who have not been**

**joined:**

None.

**(b)     The following persons are improperly joined as parties:**

Counterclaim Defendants Hamied, Russo, and Barqawi claim they are improperly joined as parties.

**(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6.

**Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Rule 15, Federal Rules of Civil Procedure.  Further instructions regarding amendments are contained in Local Rule 200.**

**(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:**

LogicBlox anticipates a possible need to amend its Counterclaims to add copyright infringement claims against certain customers of Optimi not currently named as Counterclaim Defendants, including Cingular and T-Mobile, who continue to use the LogicBlox Platform software without license or authority from LogicBlox to do so.

The parties are at present unaware of any further necessary amendment, but reserve the right to seek amendment pursuant to Fed. R. Civ. P. 15 if such appears necessary at a later date.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

### 7.

**Filing Times For Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All motions must be filed WITHIN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed or should have been filed

(a) *Motions to Compel:*   Before the close of discovery or within the extension period allowed in some instances.  Local Rules 220-4; 225-4(d).

(b) *Summary Judgment Motions:*  Within 20 days after the close of discovery, unless otherwise permitted by Court order.  Local Rule 220-5.

(c) *Other Limited Motions:*  Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pre-trial order is submitted.  Refer to Local Rule, 7.2F.

## 8.

**Initial Disclosures:**  The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P 26.  If any party objects that the initial disclosures are not appropriate, state the party and basis for the party's objection.

No objections.

## 9.

**Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?  If so, state the issues to be addressed and the position of each party.**

None needed at this time.

10.

**Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first Defendant by answer to the complaint.  As stated in L.R. 26 (2), responses to initial disclosures must be completed before the expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following (3) discovery tracks:  (a) zero (0) months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

1.      Correspondence and other communications or between Plaintiff and Defendants regarding the Platform and/or the relationship between the parties.

2.      Correspondence and other communications between Defendants and Counterclaim Defendants regarding the Platform and/or the relationship between the parties.

3.      Correspondence and other communications between Defendants, Counterclaim Defendants and third-parties relating to the claims and counterclaims.

4.      Other documents regarding the Platform and/or the relationship between the parties.

5.      Technical documents regarding the Platform and its development.

6.      Financial records of Optimi and LogicBlox.

7.      Correspondence and other communications among Plaintiff's officers and agents, and between Plaintiff and others (including its affiliates investors) regarding the Platform and/or the relationship between the parties.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons.**

**<u>The parties propose a six-month discovery schedule, with the names of experts to be exchanged no later than two months prior to the close of discovery</u>.   The parties believe a six-month discovery period is appropriate given the complexity of the facts and the number and variety of claims and counterclaims in the lawsuit.**

11.

**Discovery Limitation:**

**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

None.

12.

**Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

None at this time.

13.

**Settlement Potential:**

(a)    **Lead counsel for the parties certify by their signatures below that they conducted Rule 26(f) conferences that were held on January 16 and January 20, 2006 and they participated in settlement discussions.   Other persons who participated in settlement discussions are listed according to party.**

**For the Plaintiff:**

> **/s/ Richard L. Robbins**
> Richard L. Robbins
> Sutherand Asbill & Brennan LLP
> Lead Counsel for Plaintiff Optimi and Counterclaim Defendants Hamied, Russo, and Barqawi
> (Signature)

**Other participants:** Michael A. Hart, Esq.

**For the Defendant:**

> **/s/ Robert K. Gordon**
> Robert K. Gordon
> Troutman Sanders LLP
> Lead Counsel for Defendants
> (Signature)

**Other participants:** Mark VanderBroek, Esq.

**For David Bagley (January 20, 2006):**

> **/s/ Jeffrey R. Nickerson**

Jeffrey R. Nickerson

**(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

( X ) A possibility of settlement before discovery.

( __ ) A possibility of settlement after discovery.

(___) A possibility of settlement, but a conference with the judge is needed.

(___) No possibility of settlement.

**(b)     Counsel ( X ) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is January 27, 2006.**

**(c)     The following specific problems have created a hindrance to settlement of the case:**

Nothing known at this time.

14.

**Trial by Magistrate Judge:**

<u>NOTE</u>: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)  The parties ( ___ ) do consent to having this case tried before a Magistrate Judge of this Court.  A completed Consent to jurisdiction by a United

States Magistrate Judge for has been submitted to the clerk of court this the

_____day of _____, 2006.

(b)   The parties ( X ) do not consent to having this case tried before a

Magistrate Judge of this Court.

This 23rd day of January, 2006.

Agreed to and Prepared by:

**/s/ Richard L. Robbins**
Richard L. Robbins
Georgia Bar No. 608030

SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street
Atlanta, Georgia  30309
Phone:  (404) 853-8000
Fax:  (404) 853-8806

Attorneys for Plaintiff
Optimi Corporation and
Counterclaim Defendants
Khalid Hamied, Christopher Russo,
and Neda Barqawi

**/s/ Robert K. Gordon**
Robert K. Gordon
Georgia Bar No. 302482
Mark S. VanderBroek
Ga. Bar No. 724440

TROUTMAN SANDERS LLP
5200 Bank of America Plaza
600 Peachtree Street
Atlanta, Georgia 30308
Phone: (404) 885-3000

Attorneys for Defendants
LogicBlox and Molham Aref

**/s/ Jeffrey R. Nickerson**
Jeffrey Nickerson
Georgia Bar No. 544000
3387 Glenrose Point
Atlanta, GA 30341
Phone: (404)523-5614

Attorney for Defendant David Bagley

Upon review of the information contained in the Preliminary Report and Discovery Schedule form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above-completed form, except as herein modified:

_____

_____

_____

IT IS SO ORDERED, this _____day of _____, 2006

_____

UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| OPTIMI CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | File No. 1: 05-CV 2716 |
| | ) | |
| LOGICBLOX, INC., MOLHAM | ) | |
| AREF, and DAVID BAGLEY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| LOGICBLOX, INC. and MOLHAM | ) | |
| AREF, | ) | |
| | ) | |
| Counterclaim Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OPTIMI CORPORATION, | ) | |
| KHALID HAMIED, JUAN MELERO, | ) | |
| MARK KEENAN, CHRISTOPHER | ) | |
| RUSSO, and NEDA BARQAWI, | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2006, I electronically filed the foregoing

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the clerk

of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Robert K. Gordon          *robert.gordon@troutmansanders.com*

Jeffrey R. Nickerson      *jrn17@comcast.net*

This 23rd day of January, 2006.

/s/ **Richard L. Robbins**
Richard L. Robbins