# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| OPTIMI CORPORATION, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LOGICBLOX, INC., MOLHAM ) <br> AREF, and DAVID BAGLEY, ) <br> ) <br>    Defendants. ) <br> ) <br> _____ ) <br> ) <br> ) <br> LOGICBLOX, INC. and MOLHAM ) <br> AREF, ) <br> ) <br>    Counterclaim Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> OPTIMI CORPORATION, ) <br> KHALID HAMIED, JUAN MELERO, ) <br> MARK KEENAN, CHRISTOPHER ) <br> RUSSO, and NEDA BARQAWI, ) <br> ) <br>    Counterclaim Defendants. ) | Civil Action <br> File No. 1: 05-CV 2716 |

## **INITIAL DISCLOSURES OF PLAINTIFF OPTIMI CORPORATION**

AO 1430278.1                                                               1

Plaintiff and Counterclaim Defendant Optimi Corporation ("Optimi") makes the following initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure:

**(1)     State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

Optimi seeks compensatory and punitive damages in addition to declaratory and injunctive relief in this action.  Defendants Molham Aref's ("Aref") and David Bagley's ("Bagley") clear conflict of interest lead them, as individuals and through their company, Defendant LogicBlox, Inc. ("LogicBlox"), to breach their fiduciary duties as officers and directors of Optimi, to usurp corporate opportunities which rightfully belonged to Optimi, to defraud Optimi, and to misuse Optimi funds all to the benefit of themselves and LogicBlox (collectively "Defendants").  Defendants misused Optimi funds to form and fund a competing company, LogicBlox, and to develop a set of software components (the "Platform") which they now claim belongs exclusively to them.  Defendants have also threatened to interfere with Optimi's relationships with its customers.

Optimi maintains rights to the Platform under the United States Copyright Act and is entitled compensation for the tortious conduct of Defendants in addition to injunctive and declaratory relief.

At no time did Optimi or any of the named Counterclaim defendants violate Optimi's Shareholder Agreement or any other corporate by-law or rule of Optimi. Any transfers of shares or removals or appointments to Optimi's Board of Directors were done in accordance with the law and the agreements between the parties. Optimi has not breached its severance agreement with Aref. Under the terms of the Promissory Notes in favor of Aref no payments would be made under those Notes if it would jeopardize the financial well-being of Optimi and Aref, as CEO and Chairman of the Board of Optimi, agreed to defer payments under the Notes until such time as payments could be made without jeopardizing the financial health and well-being of Optimi, and as a result established a course of conduct regarding the deferral of such payments.

**(2)  Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

The United States Copyright Act, 17 U.S.C. § 101 et seq., and associated case law are applicable to this action. Additionally, the legal principles of fiduciary duty, fraud, self-dealing, usurpation of corporate opportunity, misuse of

corporate funds, conspiracy, and interference with customer relationships and

associated case law are applicable to this action.

**(3)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A.

**(4)   Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written report to Responses to Initial Disclosures as Attachment B.)**

At this point, Optimi has not identified any person who may be used at trial

to provide expert testimony.  Optimi reserves the right to supplement this response.

**(5)   Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.   (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment C.

**(6)   In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available**

**for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

See Attachment D.

**(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

None.

**(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of the action set forth in plaintiffs cause of action and state the basis and extent of such interest.**

None.

This 23rd day of January, 2006.

/s/ **Richard L. Robbins**
Richard L. Robbins
Georgia Bar No. 608030
Patricia B. Cunningham
Georgia Bar No. 202150
Jean-Alain Schneider
Georgia Bar No. 141437

SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street
Atlanta, Georgia  30309
Phone:  (404) 853-8000
Fax:  (404) 853-8806

                                  Attorneys for Plaintiff/Counterclaim Defendant
                                  Optimi Corporation

ATTACHMENT A

The following individuals likely have discoverable information that Plaintiff may use to support its claims:

    (1)    Khalid Hamied.  Mr. Hamied may have information regarding Plaintiff's claims and defenses.

    (2)    Christopher Russo.  Mr. Russo may have information regarding Plaintiff's claims and defenses.

    (3)    Juan Melero. Mr. Melero may have information regarding Plaintiff's claims and defenses.

    (4)    Mark Keenan. Mr. Keenan may have information regarding Plaintiff's claims and defenses.

    (5)    Neda Barqawi. Ms. Barqawi may have information regarding Plaintiff's claims and defenses.

    (6)    Molham Aref. Mr. Aref may have information regarding Plaintiff's claims and defenses.

    (7)    David Bagley. Mr. Bagley may have information regarding Plaintiff's claims and defenses.

Plaintiff will supplement this response as discovery and Optimi's investigations proceed and additional fact witnesses are ascertained.

Mr. Hamied, Mr. Russo and Ms. Barqawi are named parties to this action represented by counsel and may only be contacted through same.  Mr. Melero is an employee of Optimi and may only be contacted through Optimi's counsel.

## ATTACHMENT B

Experts have not yet been determined.  Plaintiff will supplement this response when testifying experts are identified.

## ATTACHMENT C

The following documents, data, compilations, and tangible things in Plaintiff's possession, custody, or control may be used to support Plaintiff's claims:

1.     Non-privileged correspondence and documents relating to the relationship between Optimi and LogicBlox, Aref, and Bagley to the extent that such correspondence or other documents exist.

2.     Non-privileged correspondence or other documents relating to the Platform to the extent that such correspondence or other documents exist.

3.     Non-privileged correspondence or other documents relating to financial transactions between Optimi and LogicBlox, Aref, and Bagley.

4.     Non-privileged documents relating to the corporate governance of Optimi.

These materials will be made available at Optimi's counsel's offices in Atlanta, Georgia or at some other mutually agreeable location. Plaintiff reserves the right to supplement this response as discovery and its investigations proceed.

ATTACHMENT D

Optimi seeks damages adequate to compensate it from LogicBlox's, Aref's, and Bagley's actions.  Optimi also seeks declaratory relief that it owns the copyright and all other rights in and to the Platform or in the alternative that the Platform was a "joint work" under the Copyright Act and that Optimi is a co-owner of the copyright in the Platform, but at the least that Optimi has an implied, irrevocable, royalty-free license to use, license, sublicense, modify and exercise all other rights in and to the Platform.  Optimi seeks declaratory relief that no payments are yet due to Aref and that Optimi is entitled to setoff from any payments that may eventually become due to Aref.  Optimi also seeks injunctive relief preventing Defendants from interfering with Optimi's business or customer relationships.  Optimi also seeks its attorneys' fees in pursuing this action.  Further measures of damages may arise as discovery proceeds.  Optimi cannot without discovery specify precisely the dollar figures with respect to each measure of damages.  Thus, Plaintiff reserves the right to supplement this response.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| OPTIMI CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | File No. 1: 05-CV 2716 |
| | ) | |
| LOGICBLOX, INC., MOLHAM AREF, and DAVID BAGLEY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| LOGICBLOX, INC. and MOLHAM AREF, | ) | |
| | ) | |
| Counterclaim Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OPTIMI CORPORATION, KHALID HAMIED, JUAN MELERO, MARK KEENAN, CHRISTOPHER RUSSO, and NEDA BARQAWI, | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2006, I electronically filed the foregoing

**INITIAL DISCLOSURES OF PLAINTIFF OPTIMI CORPORATION** with

the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

    Robert K. Gordon      *robert.gordon@troutmansanders.com*

    Jeffrey R. Nickerson    *jrn17@comcast.net*

This 23rd day of January, 2006.

                        /s/ **Richard L. Robbins**
                        Richard L. Robbins