IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OPTIMI CORPORATION,        )
                                  )
        Plaintiff,        )
                                  )
v.                          )      Civil Action
                                  )      File No. 1-05-CV-2716-ODE
LOGICBLOX, INC., MOLHAM     )
AREF, and DAVID BAGLEY,     )
                                  )
        Defendants.      )

## DEFENDANT MOLHAM AREF'S INITIAL DISCLOSURES

Defendant Molham Aref ("Aref") hereby submits the following initial disclosures under Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.1.

**(1)  If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Molham Aref is properly identified.

**(2)  Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff.  If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

None at this time.

1264637v4

**(3)  Provide a detailed factual basis for the defense or defenses and any counterclaims or cross claims asserted by defendant in the responsive pleading.**

a.   <u>Defenses to Optimi's claims</u>.   A number of the defenses asserted in Aref's Answer are self-explanatory.  Nevertheless, without waiver or limitation of any defenses asserted in the Answer, Aref states that the factual basis for its defenses are as follows:

<u>Second, Third and Eleventh Defenses</u>:  The factual allegations made against Aref in Optimi's Complaint are not sufficient to state claims for fraud, misrepresentation, deception or attorney's fees.  For example, Optimi has not alleged with specificity any false representations made by Aref to Optimi.  Further, Optimi has not alleged with specificity how Optimi relied on Aref's allegedly false representations to its detriment.  Optimi failed to mitigate its alleged damages because it continued to work with Logicblox and to accept Logiclox's services after Optimi purportedly believed that Aref, Bagley and Logicblox had committed such wrongful acts as alleged in Optimi's Complaint.

<u>Fourth, Fifth and Fifteenth Defenses</u>:  Optimi is precluded from recovering for breach of fiduciary duty, usurpation of corporate opportunity, fraud and self-dealing, misuse of corporate funds, and conspiracy against Aref because Optimi's

2

non-interested officers and directors and an Optimi Committee exercised their own business judgment, independent of Aref and Bagley, in agreeing to hire and to continue to use Logicblox to develop the LogicBlox Platform Software after Aref and Bagely disclosed their interests in Logicblox.  Optimi is an independent corporate entity which exercised an independent business decision to employ Logicblox as an independent contractor and to use its services.  Aref is not and cannot be liable as an officer or director of Optimi for acts or omissions in which he did not participate or over which he did not exercise any control as an officer or director of Optimi.

Sixth and Seventh Defenses:  Optimi cannot recover against Aref for any of its claims because there is no evidence that Optimi's claimed injuries and damages were proximately caused by any act or omission of Aref.  Optimi's claimed injuries and damages are the result of the acts and omissions of itself and its shareholders, officers and employees, including but not limited to the actions of Optimi's non-interested officers and directors in making the business decision to hire LogicBlox and to use LogicBlox's Platform Software to its competitive advantage.

Eighth, Ninth and Tenth Defenses:  Optimi has not alleged any facts and cannot prove any facts which would establish that Aref's actions with respect to

Plaintiff have been unlawful or demonstrate willful misconduct, malice, fraud, wantonness oppression or the entire want of care which would raise the presumption of conscious indifference to consequences. Under these circumstances, subjecting Aref to punitive damages would therefore violate the U.S. and Georgia constitutions.

Fourteenth, Sixteenth and Seventeenth Defenses: Optimi waived and is estopped and otherwise barred from pursuing its claims against Aref because Plaintiff failed to object to Aref's alleged misconduct until shortly before the filing of this lawsuit, and unreasonably delayed in bringing this lawsuit until over two years had passed since Plaintiff decided to hire Logicblox as an independent contractor, and because Plaintiff received substantial business because of Logicblox's successful development of the Platform. LogicBlox was first hired by Optimi to further develop the LogicBlox Platform Software in April 2003, and Optimi never claimed that Aref breached any fiduciary or other duties to Optimi, that LogicBlox employees were de facto employees of Optimi, or that Optimi was the author or the owner of the LogicBlox Platform Software, until this lawsuit was filed two-and-a-half years later.

b.   <u>Counterclaims Against Optimi</u>.   Without waiver or limitation of the counterclaims asserted along with his Answer, Aref states that the factual basis for his counterclaims is as follows:

Aref asserts several counterclaims arising from a series of retaliatory actions against him led by Hamied which were designed to punish Aref for his declared opposition to Hamied's and Barqawi's continuing involvement in certain improper and unlawful conduct involving Optimi's business, and to force Aref to surrender his Optimi shares and his rightful position on Optimi's Board of Directors. These retaliatory actions include inventing claims of breach of fiduciary duty against Aref, causing the purported removal of Aref from Optimi's Board of Directors, claiming ownership by Optimi of the LogicBlox Platform Software, causing Optimi to default on its payment obligations under promissory notes held by Aref, breaching an agreement to make severance payments to Aref, and other wrongful actions. Each counterclaim is briefly described below.

<u>Count I – Default on Promissory Notes</u>: Optimi delivered two separate promissory notes in favor of Aref dated June 15, 2004 in connection with Optimi's merger with a Spanish company known as Tartessos. The principal amount of the two notes combined was just under $2.5 million. Optimi has failed to make payments to Aref in accordance with its obligations under the notes. Optimi was

given written notice of its defaults on September 21, 2005 but has failed to cure its defaults, resulting in the acceleration of the total principal balance owed to Aref of approximately $1.7 million.

Count II (Breach of Stockholders Agreement – Unlawful Removal from Board); Count III (Intentional Interference with Stockholders Agreement – Unlawful Removal from Board):  In November 2004, the principal shareholders of Optimi entered into a Stockholders Agreement, which, in both letter and spirit, gave both Aref and Hamied, as original shareholders, equal rights and control over three seats on the Board of Directors, including their respective Board seats.  In retaliation for his objection to Hamied's and Barqawi's refusal to end their involvement in unlawful activity relating to Optimi's business, Hamied attempted to force Aref to surrender his Optimi shares and his seat on Optimi's Board.  When Aref refused, Hamied and Barqawi initiated a scheme to try to oust Aref from the Optimi Board.  On October 13, 2005, Barqawi, who was not a signer of the Stockholders Agreement, contrived with other Counterclaim Defendants to purport to remove Aref and Bagley from the Board through the misuse of the family gift exception to the Stockholders Agreement.  The directors of Optimi (excluding Aref and Bagley) then purported to ratify these actions.  The purported removal of Aref and Bagley was without legal effect because the actions of the Counterclaim

Defendants violated the Stockholders Agreement.  Aref's <u>de</u> <u>facto</u> exclusion from the governance of Optimi, however, has deprived him of the ability to protect his share value and has diminished the value of his shares.  Optimi has been operating with an illegally constituted Board since the purported but ineffective removal of Aref and Bagley, rendering all of its actions null and void.

<u>Count IV – Breach of Agreement to Make Severance Payments</u>:  In or around the summer of 2005, Hamied and Optimi promised Aref a severance payment of $250,000, consistent with severance payments made to other recently departed Optimi officers.  Optimi has failed to make any severance payment to Aref since his separation from Optimi.

<u>Count V – Sham Agreements Void As Against Public Policy – Return of Stock Certificate</u>:  On September 28, 2004, Hamied, Barqawi and another individual wrongfully induced Aref to enter into two related pledge agreements (the "Sham Agreements") with Hamied and to deliver Aref's stock certificates for all of his shares in Optimi to Hamied.  The Sham Agreements, which purport to give Hamied an interest in one-third of the proceeds of any sale of Aref's shares, are void and unenforceable as against public policy because they were entered into for an unlawful and illegal purpose relating to Optimi's business.  Hamied has refused Aref's repeated demands to rescind the Sham Agreements, to return Aref's

stock certificates and to end his participation in illegal conduct relating to Optimi's business.

       Count VI – Conversion:  Hamied's refusal to return Aref's stock certificates for all of his shares in Optimi, as described in the preceding paragraph, constitutes conversion.  In addition, by virtue of improper and wrongful conduct similar to that alleged in Count V, Hamied is holding $125,000 of Aref's funds, which Hamied obtained for an illegal purpose relating to Optimi's business, and has refused repeated demands by Aref for the return of these funds.

       LogicBlox has separately asserted counterclaims for copyright infringement resulting from Optimi's unauthorized use of the LogicBlox Platform Software designed and developed by LogicBlox, including Optimi's continuing reproduction and distribution of the Platform for use by its customers.

       **(4)  Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

       There is a large body of legal authority relating to copyright law, breach of fiduciary duty, usurpation of corporate opportunities, fraud and self-dealing, misuse of corporate funds, conspiracy, declaratory judgment on promissory notes, injunctive relief, punitive damages, attorney's fees, default on promissory notes,

breach of contract, intentional interference with contract, contracts void because of public policy and conversion or to defenses to those claims, that may be directly, indirectly, or potentially applicable to this matter.  Without waiver or limitation of any defenses or counterclaims asserted in its Answer, Aref states that the following statutes and cases are representative of the legal principles that are applicable to this action:  <u>Rexnord Holdings, Inc. v. Biderman</u>, 21 F.3d 522 (2d Cir. 1994) (breach of contract under New York law); <u>VLIW Tech., LLC v. Hewlett-Packard Co.</u>, 840 A.2d 606 (Del. 2003) (breach of contract under Delaware law); <u>Douglas v. McNabb Realty Co.</u>, 78 Ga. App. 845 (1949) (breach of contract under Georgia law); O.C.G.A. § 13-6-2 (measure of damages for breach of contract); <u>La Barte v. Seneca Res. Corp.</u>, 285 A.D.2d 974 (N.Y. 2001) (elements of tortious interference with contract); Restatement 2d of Torts § 767 (factors in determining whether interference is proper); <u>Jones v. Padgett</u>, 186 Ga. App. 362 (1988) (punitive damages may be awarded for tortious interference with business or contract); O.C.G.A. § 13-8-1 (contracts to do immoral or illegal things); O.C.G.A. § 13-8-2 (contracts contravening public policy generally); <u>Hanley v. Savannah Bank & Trust Co.</u>, 208 Ga. 585 (1952) (contract is void if part of the consideration is illegal); Restatement 2d of Torts § 222A (what constitutes conversion); Restatement 2d of Torts § 237 (conversion by demand and refusal); <u>International</u>

<u>Business Machines Corp., et al. v. Comdisco, Inc.</u>, 1993 Del. Super. LEXIS 183 (June 30, 1993) (examining modern law of conversion); 28 U.S.C. §§ 2201, 2202 (declaratory judgment); <u>Kaplan v. Wyatt</u>, 499 A.2d 1184, 1189 (Del. 1984) (affirmative defenses for breach of fiduciary duty); <u>Aronson v. Lewis</u>, 473 A.2d 805 (Del. 1984) (business judgment rule); <u>Brehm v. Eisner</u>, 746 A.2d 244 (Del. 2000) (business judgment rule); O.C.G.A. § 23-2-51, *et seq.*, particularly §§ 23-2-52, 23-2-57, and 23-2-58 (fraud and misrepresentation); Fed. R. Civ. P. 9(b) (fraud must be plead with specificity); O.C.G.A. § 51-12-5.1 (punitive damages); and O.C.G.A. § 13-6-11 (attorney's fees).

This list is merely illustrative, and Aref reserves the right to supplement or to amend this response as discovery in this action proceeds.

**(5)  Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach a witness list to Responses to Initial Disclosures as Attachment A.)**

<u>See</u> Attachment "A."

**(6)  Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

Aref has not yet determined whether he will designate a testifying expert or experts, and he reserves the right to supplement this response at a later date in compliance with the Federal Rules of Civil Procedure and any order entered by the Court.

**(7)  Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Responses to Initial Disclosures as Attachment C.)**

See Attachment "C."

**(8)  In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34.  (Attach any copies and descriptions to Response to Initial Disclosures as Attachment D.)**

At this time, Aref seeks (1) actual damages against Optimi for all amounts due pursuant to the Promissory Notes, including more than $1.7 million in principal, plus interest and the costs of collection, including reasonable attorney's fees in an amount to be proven at trial; (2) actual damages against Optimi, Hamied, Keenan and Melero, in an amount to be proven at trial, for the diminution in the value of Aref's shares in Optimi in connection with the breach of the Stockholders

11

Agreement and Aref's purported removal from the Board; (3) actual and punitive damages against Barqawi, in an amount to be proven at trial, for the diminution in the value of Aref's shares in Optimi in connection with her interfering with and inducing the breach of the Stockholders Agreement resulting in Aref's purported removal from the Board; (4) actual damages against Optimi in the amount of $250,000 in connection with Optimi's breach of its agreement to make a severance payment to Aref; (5) actual damages against Hamied for the full value of Aref's shares in Optimi in connection with Hamied's conversion of those shares; and (6) actual damages against Hamied in the amount of $125,000 in connection with his conversion of Aref's funds. Aref will supplement this response at a later date with further information regarding the calculation of the actual damages he seeks. Finally, Aref seeks an award of the expenses of litigation, including reasonable attorneys' fees and costs.

**(9)  If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Aref is not aware of any other person or entity that may be liable to Optimi, Aref or any other plaintiff or defendant at this time.

**(10)  Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance**

1596910_3.DOC

**judgment.  (Attach copy of insurance agreement to Responses to Initial Disclosures as Attachment E.)**

Aref is not aware at present of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action.

This 23rd day of January, 2006.

/s/ **Robert K. Gordon**
John J. Dalton
Ga. Bar No. 203700
*john.dalton@troutmansanders.com*
Mark S. VanderBroek
Ga. Bar No. 724440
*mark.vanderbroek@troutmansanders.com*
Robert K. Gordon
Ga. Bar Number:  302482
*robert.gordon@troutmansanders.com*
TROUTMAN SANDERS LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
(404) 885-3000

Attorneys for Defendant Molham Aref

## <u>Attachment "A" - Witness List</u>

At this time, LogicBlox and Aref identify the following persons who are likely to have discoverable information that LogicBlox and Aref may use to support their claims and defenses in this action.  Because discovery and investigation into the issues raised in this case are still ongoing, LogicBlox and Aref reserve the right to supplement this list in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

| WITNESS NAME, ADDRESS & PHONE NUMBER | SUBJECT MATTER |
|---|---|
| **Molham Aref** | Knowledgeable regarding the formation of and development of Optimi; the business of Optimi; the formation of and development of LogicBlox; the business of LogicBlox; the design, development, use and ownership of the LogicBlox Platform Software; negotiations between LogicBlox and Optimi regarding use of the LogicBlox Platform Software; the infringement of LogicBlox's copyrights in the LogicBlox Platform Software; Optimi's decisions to hire and retain Logiblox and to use LogicBlox's Platform Software; the entry into an Agreement to Convey Interests and a Pledge Agreement by Hamied and Aref; the purported removal of Aref and Bagley from the Optimi Board; Optimi's defaults under the Promissory Notes; the conversion of Aref's stock certificates and funds; Optimi's promise to make severance payments to Aref. |

| WITNESS NAME, ADDRESS & PHONE NUMBER | SUBJECT MATTER |
|---|---|
| **David Bagley** | Knowledgeable regarding the formation of and development of LogicBlox; the business of LogicBlox; the business of Optimi; the design, development, use and ownership of the LogicBlox Platform Software; negotiations between LogicBlox and Optimi regarding use of the LogicBlox Platform Software; the infringement of LogicBlox's copyrights in the LogicBlox Platform Software; Optimi's decisions to hire and retain Logiblox and to use LogicBlox's Platform Software; the purported removal of Aref and Bagley from the Optimi Board. |
| **Khalid Hamied** | Knowledgeable regarding the formation of and development of Optimi; the business of Optimi; negotiations between LogicBlox and Optimi regarding use of the LogicBlox Platform Software; the infringement of LogicBlox's copyrights in the LogicBlox Platform Software; Optimi's decisions to hire and retain Logiblox and to use LogicBlox's Platform Software; the entry into an Agreement to Convey Interests and a Pledge Agreement by Hamied and Aref; the purported removal of Aref and Bagley from the Optimi Board; Optimi's defaults under the Promissory Notes; the conversion of Aref's stock certificates and funds; Optimi's promise to make severance payments to Aref. |

| WITNESS NAME, ADDRESS & PHONE NUMBER | SUBJECT MATTER |
|---|---|
| **Juan Melero** | Knowledgeable regarding the business of Optimi; negotiations between LogicBlox and Optimi regarding use of the LogicBlox Platform Software; the infringement of LogicBlox's copyrights in the LogicBlox Platform Software; Optimi's decisions to hire and retain Logiblox and to use LogicBlox's Platform Software; the purported removal of Aref and Bagley from the Optimi Board; Optimi's defaults under the Promissory Notes; the relationship between Nokia and Tartessos and the relationship between Nokia and Optimi. |
| **Mark Keenan** | Knowledgeable regarding the business of Optimi: negotiations between LogicBlox and Optimi regarding use of the LogicBlox Platform Software; the infringement of LogicBlox's copyrights in the LogicBlox Platform Software; Optimi's decisions to hire and retain Logiblox and to use LogicBlox's Platform Software; the purported removal of Aref and Bagley from the Optimi Board; Optimi's defaults under the Promissory Notes; the relationship between Nokia and Tartessos and the relationship between Nokia and Optimi. |

| WITNESS NAME, ADDRESS & PHONE NUMBER | SUBJECT MATTER |
|---|---|
| **Christopher Russo** | Knowledgeable regarding the business of Optimi; negotiations between LogicBlox and Optimi regarding use of the LogicBlox Platform Software; the infringement of LogicBlox's copyrights in the LogicBlox Platform Software; Optimi's decisions to hire and retain Logiblox and to use LogicBlox's Platform Software. |
| **Neda Barqawi** | Knowledgeable regarding the entry into an Agreement to Convey Interests and a Pledge Agreement by Hamied and Aref; negotiations between LogicBlox and Optimi regarding use of the LogicBlox Platform Software; the infringement of LogicBlox's copyrights in the LogicBlox Platform Software; the purported removal of Aref and Bagley from the Optimi Board; the conversion of Aref's stock certificates and funds. |
| **Ramzi Barghouthi**<br>**Cingular** | Knowledgeable regarding the infringement of LogicBlox's copyrights in the LogicBlox Platform Software; the inception of Optimi's relationship with Cingular and the development of that relationship. |
| **Mark Austin**<br>**Cingular** | Knowledgeable regarding the infringement of LogicBlox's copyrights in the LogicBlox Platform Software. |
| **Johann Klinger**<br>**T-Mobile** | Knowledgeable regarding the infringement of LogicBlox's copyrights in the LogicBlox Platform Software. |

| WITNESS NAME, ADDRESS & PHONE NUMBER | SUBJECT MATTER |
|---|---|
| **Wael Sinno**<br>**LogicBlox** | Knowledgeable regarding the business of LogicBlox; the design, development, use and ownership of the LogicBlox Platform Software; the infringement of LogicBlox's copyrights in the LogicBlox Platform Software. |
| **Wes Hunter**<br>**LogicBlox** | Knowledgeable regarding the business of LogicBlox; the design, development, use and ownership of the LogicBlox Platform Software; the infringement of LogicBlox's copyrights in the LogicBlox Platform Software. |
| **Greg Brooks**<br>**LogicBlox** | Knowledgeable regarding the business of LogicBlox; the design, development, use and ownership of the LogicBlox Platform Software; the infringement of LogicBlox's copyrights in the LogicBlox Platform Software. |
| **Mark Bloemeke**<br>**LogicBlox** | Knowledgeable regarding the business of LogicBlox; the design, development, use and ownership of the LogicBlox Platform Software; the infringement of LogicBlox's copyrights in the LogicBlox Platform Software. |
| **William I. Intner**<br>**Hogan & Hartson** | Knowledgeable regarding the formation of Optimi; the formation of LogicBlox; the Optimi Stockholders Agreement; negotiations between LogicBlox and Optimi regarding use of the LogicBlox Platform Software. |

| WITNESS NAME, ADDRESS & PHONE NUMBER | SUBJECT MATTER |
|---|---|
| **Michael K. Morin**<br>**Actix Inc.** | Knowledgeable regarding the business of Optimi; negotiations between LogicBlox and Optimi regarding use of the LogicBlox Platform Software; the infringement of LogicBlox's copyrights in the LogicBlox Platform Software; Optimi's decisions to hire and retain Logiblox and to use LogicBlox's Platform Software. |
| **Michael Siavage**<br>**Siavage Law Group LLC** | Knowledgeable regarding the entry into an Agreement to Convey Interests and a Pledge Agreement by Hamied and Aref; negotiations between LogicBlox and Optimi regarding use of the LogicBlox Platform Software. |
| **David Rubinger**<br>**Optimi** | Knowledgeable regarding the purported removal of Aref and Bagley from the Optimi Board; Optimi's defaults under the Promissory Notes. |
| **William Clift**<br>**Optimi** | Knowledgeable regarding the infringement of LogicBlox's copyrights in the LogicBlox Platform Software; the purported removal of Aref and Bagley from the Optimi Board; Optimi's defaults under the Promissory Notes. |
| **Barry Hart**<br>**Optimi** | Knowledgeable regarding the design, development, and use of the LogicBlox Platform Software. |
| **Patrick Mauroy**<br>**Optimi** | Knowledgeable regarding the design, development, and use of the LogicBlox Platform Software. |

| WITNESS NAME, ADDRESS & PHONE NUMBER | SUBJECT MATTER |
|---|---|
| **Stephen Colson**<br>**Optimi** | Knowledgeable regarding the design, development, and use of the LogicBlox Platform Software. |
| **Ray Lam**<br>**Optimi** | Knowledgeable regarding the design, development, and use of the LogicBlox Platform Software. |
| **Claus Gerke**<br>**Nokia** | Knowledgeable regarding the relationship between Nokia and Tartessos and the relationship between Nokia and Optimi. |
| **Ali Jabbary**<br>**Cingular** | Knowledgeable regarding the use of the LogicBlox Platform Software by Cingular; the infringement of LogicBlox's copyrights in the LogicBlox Platform Software. |
| **Lee Rudolph**<br>**Cingular** | Knowledgeable regarding the use of the LogicBlox Platform Software by Cingular; the infringement of LogicBlox's copyrights in the LogicBlox Platform Software. |
| **Sanjay Nagdev**<br>**Actix Inc.** | Knowledgeable regarding the design, development, and use of the LogicBlox Platform Software; negotiations between LogicBlox and Optimi regarding use of the LogicBlox Platform Software. |
| **Art Fuller**<br>**Optimi** | Knowledgeable regarding the design, development, and use of the LogicBlox Platform Software; negotiations between LogicBlox and Optimi regarding use of the LogicBlox Platform Software. |

| WITNESS NAME, ADDRESS & PHONE NUMBER | SUBJECT MATTER |
|---|---|
| **David Paolini**<br>**Optimi** | Knowledgeable regarding the design, development, and use of the LogicBlox Platform Software; negotiations between LogicBlox and Optimi regarding use of the LogicBlox Platform Software. |

## Attachment "C" - Document List

Because discovery and Aref's investigation into issues relating to this case is still ongoing, Aref reserves the right to supplement this document list in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

-Corporate documents relating to Optimi and its predecessors, including but not limited to certificate of incorporation, bylaws, name changes, capitalization tables and Board minutes

-Corporate documents relating to LogicBlox and its predecessors, including but not limited to certificate of incorporation, bylaws, name changes, capitalization tables and Board minutes

-Promissory Note dated June 15, 2004 from Optimi Corporation to Molham Aref  relating to repurchase of Optimi shares from Aref

-Promissory Note dated June 15, 2004 from Optimi Corporation to Molham Aref relating to a dividend payment to Aref

-Default letter on promissory notes dated September 21, 2005 on behalf of Aref to Optimi

-Documents reflecting payments (or lack thereof) pursuant to promissory notes from Optimi held by Aref

-Optimi Stockholders' Agreement dated November 17, 2004

-Documents relating to unlawful removal of Aref from Optimi Board and ratification of Aref's unlawful removal by shareholders and Board members

-Pledge Agreement and Agreement to Convey Interests ("Sham Agreements") dated September 28, 2004 by and between Aref and Hamied

-Documents relating to the illegal purposes behind the Sham Agreements and the illegal purposes behind Hamied's conversion of Aref's share certificate for his Optimi shares and Aref's funds

-Documents evidencing the source and amount of funds of Aref which Hamied converted

-Documents evidencing communications among Optimi representatives regarding the use of the LogicBlox Platform Software by Optimi and Optimi's customers.

-Documents evidencing communications among LogicBlox representatives regarding the use of the LogicBlox Platform Software by Optimi and Optimi's customers.

-Documents evidencing communications between LogicBlox representatives and Optimi representatives regarding the use of the LogicBlox Platform Software by Optimi and Optimi's customers.

-Documents evidencing disclosure by Aref and Bagley of their respective interests in LogicBlox to representatives of Optimi

-Documents evidencing Optimi's decision to hire and retain LogicBlox for the use and further development of the LogicBlox Platform Software notwithstanding Aref's and Bagley's disclosure of their respective interests in LogicBlox

-Documents relating to Aref's investments of cash in Optimi and its predecessors

-Documents evidencing Hamied's knowledge of Aref's involvement in LogicBlox prior to Hamied's recruitment of Aref as Optimi's CEO

-Documents relating to the merger of Optimi with Tartessos Technology, S.A.

-Documents relating to the separation of Bagley from Optimi

-Documents relating to projects for which Optimi utilized the LogicBlox Platform Software

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| OPTIMI CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | File No. 1-05-CV-2716-ODE |
| LOGICBLOX, INC., MOLHAM | ) | |
| AREF, and DAVID BAGLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2006 I electronically filed the **Initial Disclosures of Defendant Molham Aref** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

**Patricia B. Cunningham**
Sutherland Asbill & Brennan
999 Peachtree Street, N.E., Suite 2300
Atlanta, GA 30309-3996
Email: patricia.cunningham@sablaw.com

**Richard Lance Robbins**
Sutherland Asbill & Brennan
999 Peachtree Street, N.E., Suite 2300
Atlanta, GA 30309-3996
Email: richard.robbins@sablaw.com

1264637v4

**Jeffrey R. Nickerson**
Jeffrey R. Nickerson, P.C.
3387 Glenrose Point
Atlanta, GA 30341
404-523-5614
Email: jrn17@comcast.net

This 23rd day of January, 2006.

<u>**/s/ Robert K. Gordon**</u>
Robert K. Gordon
Ga. Bar Number:  302482
*robert.gordon@troutmansanders.com*
TROUTMAN SANDERS LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
(404) 885-3000